IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W. PICKFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-4217-JPG |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| SOUTHEASTERN ILLINOIS ) | |
| COLLEGE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendant Board of Trustees of Southeastern Illinois College's ("Board") Motion to Dismiss (Doc. 5), to which plaintiff John W. Pickford ("Pickford") has responded (Doc. 9). For the following reasons, the Board's motion to dismiss will be **DENIED**.

**BACKGROUND**

Pickford's complaint seeks review of the Board's decision to suspend him (with pay) pending an investigation into a student's claim that he sexually harassed her. He originally filed his complaint in the Circuit Court of the First Judicial Circuit, Saline County, Illinois. (Doc. 1). As Pickford purports to base his claim on the United States Constitution, the Board timely removed the action to this Court. (Doc. 1). In his complaint, Pickford alleged that review of the Board's decision is proper under the Illinois Administrative Procedure Act. *See* 5 ILCS § 100/1, 735 ILCS § 5/3-101. The Board claims the Court must dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) because its decisions are not reviewable under the Administrative Review Act. *See* ILCS

-1-

§ 5/3-102.

## ANALYSIS

The parties do not dispute that the Board is a governing body of an Illinois community college enacted pursuant to the Illinois Public Community College Act. *See* 110 ILCS § 805/1 *et seq*. Further, as the Illinois Public Community College Act does not adopt the Illinois Administrative Review Act, the parties agree that the decision of the Board may not be reviewed under the Administrative Review Act. *See* 735 ILCS 5/3-102; *Maas v. Bd. of Trs. of Cmty. Coll. Dist. No. 529*, 418 N.E.2d 1029, 1037 (Ill. Ct. App. 5th Dist. 1981). The Board believes the Court must dismiss the action as a result; Pickford does not.

In his response to the Board's motion, Pickford, as indicated above, seems to acknowledge that the Board's decision is not reviewable under the Administrative Review Act. However, he maintains that the Board's decision is still reviewable under common law certiorari. *See Thomas v. Chicago Park Dist.*, 227 F.3d 921, 926 (7th Cir. 2000); *Graff v. City of Chicago*, 9 F.3d 1309, 1325 (7th Cir. 1993); *Holstein v. City of Chicago*, 803 F.Supp. 205, 211 (N.D. Ill. 1992); *Smith v. Dep't of Public Aid*, 367 N.E.2d 1286, 1293 (Ill. 1977); *Philger, Inc. v. Dept. of Revenue*, 567 N.E.2d 773, 775-76 (Ill. App. 5th Dist. 1991). Clearly, an administrative decision not reviewable under the Administrative Review Act may be reviewed through common law certiorari. Such an action may be removed to federal court. *See Holstein*, 803 F.Supp. at 211. Thus, the essential question before this Court is whether Pickford may proceed under common law certiorari despite the fact that he explicitly seeks review pursuant to the Administrative Review Act. The answer to this question must be yes. The Seventh Circuit has repeatedly held that specifying an incorrect legal theory is not fatal to a claim as long as relief is possible under any set of facts consistent with the allegations.

*See, e.g., Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004); *Bartholet v. Reishauer, A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).  Pickford has demonstrated that he may seek review of the Board's decision through common law certiorari.  As the Board has failed to take issue with any other facet of the complaint, its motion to dismiss must be **DENIED**.

## CONCLUSION

The Board's Motion to Dismiss (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: April 17, 2006.**

    /s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**